# Green v. Green, Appellant.

*Trespass—Unlawful cutting of timber—Boundary—Evidence—Question of fact—Question for jury.*

In an action of trespass to recover damages for the unlawful cutting of timber, where the issue turns upon one of the boundary lines of the plaintiff and defendant, and defendant's contention that a line designated by him had been established and agreed to between himself and plaintiff's predecessor in title, and such contention is met by evidence that no such line existed until after the death of the former owner, and that it was marked on the ground wrongfully by the defendant without the consent of the plaintiff, the case is for the jury, and a verdict and judgment for plaintiff will be sustained.

Argued Feb. 25, 1908. Appeal, No. 1, March T., 1908, by defendant, from judgment of C. P. Clinton Co., Jan. T., 1903, No. 85, on verdict for plaintiff in case of Mary J. Green v. Theodore Green. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for the unlawful cutting of timber. Before MAYER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $430, being double damages. Defendant appealed.

*Error assigned* was in submitting the question of plaintiff's title to the jury.

*C. S. McCormick*, for appellant, cited: McKelvey v. Truby, 4 W. & S. 323; M'Coy v. Hutchinson, 8 W. & S. 66; Ormsby v. Ihmsen, 34 Pa. 462; Gourley v. Kinley, 66 Pa. 270; Dodge's App., 106 Pa. 216; Brown v. M'Kinney, 9 Watts, 565; Crawford v. Neff, 3 Grant's Cases, 175; Barnhart v. Pettit, 22 Pa. 135.

*Sidney D. Furst*, for appellee, cited: McCall v. Neely, 3 Watts, 69; Hole v. Rittenhouse, 25 Pa. 491; Coxe v. Deringer, 82 Pa. 236; Keizer v. Beemer, 13 Atl. Repr. 909; Penn. v. Preston, 2 Rawle, 14.

OPINION BY MORRISON, J., April 20, 1908:

The plaintiff, Mary J. Green, brought this action of trespass against the defendant, Theodore E. Green, to recover damages for the unlawful cutting of timber trees standing and growing upon land claimed by the plaintiff. There was a verdict in favor of the plaintiff for the value of the timber and judgment was entered thereon by the learned court below for double the amount of the verdict as provided by the act of March 27, 1824, 8 Smith's Laws, 282.

No question is raised as to the correctness of the verdict and judgment, if the timber was cut upon the lands of the plaintiff. The evidence warranted the jury in finding that Marcus Green, deceased husband of the plaintiff, went into possession of a portion of warrant No. 4,025, situated partly in Lycoming and partly in Clinton counties, in 1861, and that he held open, adverse and continued possession of the same till the time of his death in 1898. It is conceded that this piece of land was well marked as to its lines on all sides, except its southern boundary, and the latter line was in dispute. The lot was supposed to contain about fifty or sixty acres, bounded on the north by

David Glover; east by the county line between Clinton and Lycoming counties and the highway known as the Coudersport Turnpike running along said county line; on the south by David Glover and west by lands of Frederick heirs and others. The plaintiff acquired whatever title was vested in her husband by having the land appraised and set apart to her as her exemption under the provisions of the Act of assembly of April 14, 1851, P. L. 612, and its supplements. The appraisement bounded and described the land in accordance with the draft or plot, a copy of which is inserted on page 28, as exhibiting the plaintiff's claim.

It is beyond question that by this appraisement and the confirmation thereof by the court on January 9, 1899, the plaintiff acquired the title that was vested in her husband, Marcus Green, at the time of his decease. An examination of the draft or plot shows that the plaintiff claimed that the southern boundary of her land was the line of David Glover, except a small piece of about two acres in the southwest corner of the lot which is conceded to have belonged to Theodore E. Green, the defendant. By reference to the draft an alleged division line will be found marked from east to west across the lot, about one-fourth of its length above the south line. This line, the defendant contended at the trial, was the true south line of the plaintiff's land, and that the timber trees cut by him all grew south of that line and, therefore, the plaintiff was not entitled to recover. On the other hand, the plaintiff claims that no such line was ever marked upon the ground during the lifetime of her husband nor thereafter with her consent. On the part of the defendant, there was evidence tending to support that line as having been established and agreed to by the defendant and Marcus Green. But in reply to that contention there was considerable evidence to the effect that no such line existed till long after the death of Marcus Green, and that it was marked on the ground wrongfully by the defendant without the consent of the plaintiff or her predecessor in title or anyone representing her.

There was no serious contention at the trial that Marcus Green and the plaintiff after him, did not have a good title to

about fifty acres of the land described in the draft, but the contention was that it did not extend far enough south to include the land on which the timber trees were cut by the defendant. Under the evidence the true location of the line in question was a matter of fact to be found by the jury. An examination of the charge of the learned judge shows that he so considered it and the evidence was all referred to the jury and they were instructed to find for the plaintiff, or for the defendant, in accordance with their conclusion as to the location of said line. The verdict indicates the conclusion of the jury that the plaintiff's land extended south to the David Glover line, except the two acres in the southeast corner of the tract which is conceded to belong to the defendant. This finding by the jury is well supported by the evidence and it entitled the plaintiff to a verdict for the value of the timber in question.

The defendant's counsel made a motion for a new trial and the disposition of the case cannot be better illustrated than by quoting the opinion of the learned judge, the late C. A. Mayer, in disposing of that motion: "The controversy in this case is between two adjoining landowners and was a question of location. The plaintiff, Mary J. Green, who was the wife of Marcus Green, deceased, claimed to hold the land under what is known as the exemption laws. Both parties claimed to own a portion of the John Nicholson warrant and survey No. 4,025. The plaintiff claiming to own the land north of the part claimed by the defendant. A dispute arose between the plaintiff and the defendant as to the division line between their respective pieces of land. The location of this line was a question of fact to be determined by the jury from the testimony of the witnesses. The court submitted to the jury the evidence as to the location of this division line and left it for their determination. The jury rendered a verdict in favor of the plaintiff. We are not disposed to disturb this verdict as the whole controversy was a question of fact to be determined by the jury. New trial refused. By the court: C. A. Mayer, P. J."

In our opinion, the case was well tried and we discover no merit in the assignments of error. We desire, however, to note that in the charge of the court, as furnished to us, the learned

judge is made to say if the timber was cut north of this division line, the plaintiff could not recover because it must be timber cut south of the line in order to entitle the plaintiff to recover. This is evidently a mistake of the printer or the reporter. We do not believe the learned judge ever used the language thus put in his mouth. In fact, the plaintiff could only recover for timber cut north of the true south line of her land, and, therefore, the instruction upon this point ought to have been just the opposite of the language credited to the learned judge. However, there is no exception taken to this apparent error, and it does not appear to have been noticed by the counsel, and we only refer to it for the purpose of showing that we have not overlooked it.

The assignments of error are all dismissed and the judgment is affirmed.